IN THE UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>**DONALD WAYNE JACKSON,**<br><br>Debtor. | Bankr. Case No. 13-14184-BFK<br>Chapter 7 |
| **Judy A. Robbins**<br>**United States Trustee**<br>**For Region Four,**<br><br>Movant,<br>v.<br><br>**Donald Wayne Jackson,**<br><br>Respondent. | |

**UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 707(b)(1) TO
DISMISS CHAPTER 7 CASE FOR ABUSE**

Judy A. Robbins, United States Trustee, by and through her undersigned counsel, moves to dismiss this chapter 7 case under the provisions of 11 U.S.C. § 707(b)(1). In support thereof, the United States Trustee alleges the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This motion is filed under 11 U.S.C. § 707(b)(1).

Office of United States Trustee
Bradley D. Jones, Trial Attorney
115 South Union Street, Room 210
Alexandria, VA 22314
(703) 557-7228
bradley.d.jones@usdoj.gov                                                                                      Page 1 of 9

## FACTUAL BACKGROUND

2. This case commenced with a voluntary petition filed under 11 U.S.C. §§ 301 and 701, *et seq*. on September 13, 2013.

3. On September 29, 2013 he filed his Schedules, Statement of Financial Affairs and Statement of Intention and Chapter 7 Statement of Current Monthly Income and Means-Test Calculation Form B22A ( "the Means Test Form or MTF"). *See Docket #13*.

4. The debtor's Statement of Intention indicates that he plans to keep his real property located at 11416 Links Drive, Reston, VA.

5. On October 12, 2013 the debtor filed amended schedules and an amended Means Test Form. *See Docket entries #17 and 18*.

6. Based declaration of the debtor that the presumption arises on the Amended Means Test Form, A Clerk's Notice of Statement of Presumption of Abuse Under 11 U.S.C. Section 707(b)(2) was issued by the clerk's office on October 18, 2013. *See Docket #19*.

7. The Section 341(a) meeting for the case was scheduled for October 23, 2013 then adjourned to and conducted on November 6, 2013 by the chapter 7 trustee, Klinette Kindred.

8. On the Amended Official Form 22A (the "Means Test Form"), the debtor states that his annualized Current Monthly Income (hereafter "CMI"), as defined by §§101(10A) and 707(b)(2) of the Bankruptcy Code is $12,980 per month, or $155,760 annually. His annualized monthly income exceeds the applicable median family income for a household size of five (5), which is $99,761.

9. Therefore, on November 18, 2013, the United States Trustee filed a statement with the court that the debtors' case was presumed to be an abuse. *See Docket #25*.

10. Mr. Jackson has been employed by Metro for thirty-four (34) years and lists his current job title as Bus Operator.

11. No dependents were listed by the debtor on his Schedule J and Means Test Form (as indicated by a household size of 1) that were filed on September 29, 2013. *See Docket #13, pages 16 and 33*. On October 12, 2013 the debtor filed an Amended Schedule J that lists six (6) dependents. *See Docket #17-1, page 3*. He also filed an Amended Means Test Form which now lists a household size of 5. *See Docket #18, page 3*.

12. The Amended Schedule I reports a gross combined average monthly income of $12,980.83, with a net monthly income of $8,239.07. This amount is comprised of 1) gross income from Metro of $12,980.83, with payroll deductions of $4,741.76. *See Docket #17-1, page 22*.

13. According to the Amended Schedule J, 2013, the debtor has monthly expenditures of $7,331. His reported monthly net income, after payroll deductions and monthly expenses, is $908.07. *See Docket #17-1, page 5*.

14. On Schedule A, the debtor lists (as Tenants-In-Common with his ex-wife Deborah Jackson) a property located at 11416 Links Drive, Reston, VA with a current value of $491,202 and a secured claim of $323,356

15. On Schedule B, the debtor lists personal property of $38,580 which is comprised of:

| | |
|---|---|
| Cash on hand and checking acct w/PNC | $ 540 |
| Misc. h/h goods and furnishings. | $ 4,250 |

| | |
|---|---|
| Books, pictures, small household items | $ 120 |
| Clothing | $ 650 |
| Whole Life Insurance | $ 10 |
| Retirement Acct. (457) | $ 33,000 |
| Federal & State Tax Refunds | $ 10 |

16. On Schedule D, the debtor's lists a secured debt owed to Wells Fargo Home Mortgage which totals $323,356.

17. Schedule E reports that the debtor has no creditors holding unsecured priority claims.

18. Schedule F lists $76,675 in non-priority unsecured debt, which consists of debt owed for credit cards, services, medical bills and an automobile.

19. Schedule G lists an executory contract with Lexus for a 2013 Lexus IS 250 for $700 per month.

20. The debtor admits that he lists primarily consumer debt on his petition.

## THE CASE SHOULD BE DISMISSED FOR ABUSE

### The presumption of abuse arises under § 707(b)(2)

21. Section 707(b)(2)(A)(I) provides, in pertinent part:

…the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of –
(I) 25 percent of the debtor's nonpriority unsecured claims in the case or $7,475, whichever is greater; or (II) $12,475.

22. According to his amended chapter 7 Means Test, the debtor calculates his current monthly income as $12,980.00. He calculates deductions for allowances and expenses as $10,193.28.[1]

---

[1] Chapter 7 Statement of Current Monthly Income and Mean-Test Calculation, Line 48 and 49.

23. The debtor's Amended Means Test Form, as filed, indicates that a presumption of abuse does arise in his case because his 60-month disposable income under § 707(b) (*Line 51* of the MTF), as calculated on the form, is above $12,980 with a monthly disposable income of $2,786.72, which triggers a presumption of abuse.

24. The debtor has included a deduction on *Line 42 ("Future Payments on secured claims)* of the Means Test Form, for the secured debt payment on his real property in the amount of $2,700. *See Docket #17-1, page 22.* The chapter 7 trustee has also informed the United States Trustee that the debtor and his extended family have already moved out of the property.[2]

25. The Court should therefore dismiss this case as an abuse of the chapter 7 provisions pursuant to 11 U.S.C. § 707(b)(1), based upon the presumption of abuse that arises pursuant to 11 U.S.C. § 707(b)(2).

### Dismissal Pursuant to § 707(b)(3)(B) under the "totality of the circumstances" is applicable

26. Although the United States Trustee believes that the presumption of abuse arises in this case, if the court finds that the presumption does not arise, the United States Trustee asserts that this case should be dismissed as an abuse under the provisions of 11 U.S.C. § 707(b)(3).

27. The provisions of 11 U.S.C. § 707(b)(1) allow the court to dismiss a Chapter 7 case filed by an individual with primarily consumer debt (or convert it to Chapter 13 with

---

[2] On October 8, 2013 Wells Fargo filed a Motion for Relief from Stay with regards to the Links Drive property, to which the chapter 7 trustee objected to indicating that there appeared to be equity in the property for the benefit of unsecured creditors. An order granting a modification to the stay was entered on December 11, 2013 granting relief from the automatic stay but giving the trustee until March 15, 2013 to sell the property and provide for payment of the Plaintiff's lien in full. See Docket Nos. 15, 20 and 33. In the event the chapter 7 trustee is able to sell the property with enough funds available to pay the secured creditor in full and make distribution to unsecured creditors, the United States Trustee will withdraw her motion to dismiss.

the debtor's consent), if the court finds that the granting of relief would be an abuse of the provisions of Chapter 7. Section 707(b)(3) further provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider –
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

28. In considering the "totality of the circumstances" courts have found that the ability to pay, in and of itself, is sufficient justification to dismiss a case. *See, In re Henebury*, 361 B.R. 595, 607 (Bankr. S.D. Fla. 2007)(finding that under BAPCPA "the ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. §707(b)(3)(B).").

29. The Fourth Circuit has also recognized a debtor's ability to repay as a "*primary* factor" to be considered in dismissing a case for "substantial abuse" but declined to hold that ability to repay, standing alone, would justify dismissal in a case decided under the pre-BAPCPA version of § 707(b). *In re Green*, 934 F.2d 568, 572 (1991)(emphasis in original). Instead, the court adopted an approach that considers various factors in making the determination. These factors are: (1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;(2) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay; (3) Whether the debtor's proposed family budget is excessive or unreasonable; (4) Whether the debtor's schedules and statement of

current income and expenses reasonably and accurately reflect the true financial condition; and (5) Whether the petition was filed in good faith. *Id.*

30. The United States Trustee respectfully submits that, in light of the statutory changes to section 707(b), when the totality of the a debtors' financial circumstances indicates an ability to repay their debts without undue hardship, as will be shown below in the instant case, it would be an abuse to grant them a chapter 7 discharge.

31. In this case the debtor's budget includes a substantial surplus that is not being used to pay creditors, even while the debtor budgets an unreasonable amount, $848 per month, to continue leasing a 2013 Lexus IS 250.

32. Amended Schedules I & J (20c) shows that the debtor's reported monthly disposable income, after payroll deductions and monthly expenses, is *$908.07*.

33. With total unsecured debt of $76,675, the debtor, by his own numbers, would be able to repay a little over 41% of his total unsecured debt in sixty (60) months.

34. This ability to repay a portion of the debtors' unsecured non-priority claims, under the totality of the circumstances of this case, is an abuse of the provisions of chapter 7 within the meaning of 11 U.S.C. § 707(b)(3), and this case should be dismissed pursuant to 11 U.S.C. § 707(b)(1).

WHEREFORE, the United States Trustee prays that, pursuant to § 707(b)(1), the Court dismisses this case, and for such other and further relief as is just and proper.

December 18, 2013  JUDY A. ROBBINS
U.S. TRUSTEE, REGION 4

By: */s/ Bradley D. Jones*
Bradley D. Jones (VSB No. 85095)
Trial Attorney
Office of United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
(703) 557-7228

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 18, 2013, a true copy of this motion, notice of motion, and proposed order were served on the following persons by first class U.S. mail, or by notice of electronic filing:

| | |
|---|---|
| Donald Wayne Jackson | Klinette H. Kindred |
| 11416 Links Drive | Tyler, Bartl, Ramsdell and Counts |
| Reston, VA 20190 | 300 N. Washington Street, Suite 202 |
| *Debtor* | Alexandria, VA 22314 |
| | *Chapter 7 Trustee* |
| Nathan A. Fisher | |
| 3977 Chain Bridge Road, #2 | |
| Fairfax, VA 22030 | |
| *Debtor's Counsel* | |

                              By:  */s/ Paula F. Blades*
                                    Paula F. Blades
                                    Paralegal